HENRY B. PURDY, RESPONDENT, v. GEORGE K. SISTARE, APPELLANT.

*Trust — what constitutes — Statute of limitations — when it commences to run.*

On June 27th, 1865, the plaintiff, being about to leave the State, delivered certain bonds to the defendant, who advanced $1,200 thereon, and agreed to dispose of the bonds when a favorable market occurred, deduct from the proceeds his advance and commissions, and account to the plaintiff for the surplus. The plaintiff returned to the State in 1868, and requested from the defendant an account of the sales, which the defendant promised to render, but failed to do so before the plaintiff again left the State. In August, 1872, plaintiff again returned to the State and demanded an account, which defendant refused to render. In November, 1872, plaintiff brought this action for an accounting, in which defendant interposed the defense of the statute of limitations. *Held*, that the defense was properly overruled; that the pledge of the bonds, with the power of sale, created a direct trust, and that, in such cases, the statute does not begin to run, as a general rule, unless there be an open denial or repudiation of the trust, or some notice of an adverse claim.

MOTION for a new trial after an interlocutory judgment, rendered at the Special Term of Kings county. The facts are stated in the opinion.

*Robert Ludlow Fowler,* for the appellant.

*Robert Christie,* for the respondent.

TALCOTT, J. :

This is an action for an accounting. The findings of fact are, in substance, so far as it is necessary to notice them, that, on the 27th June, 1865, the plaintiff, being about to leave the State, delivered to the defendant, a banker in New York, bonds of the city of Trenton, to the amount at par of $2,000 with interest, under the agreement that the defendant should advance the plaintiff $1,200, and should dispose of the bonds when a favorable market occurred, and should deduct from the proceeds the said $1,200, with such interest as might have accrued thereon, and the commissions of the defendant, and should account to the plaintiff for the surplus. The plaintiff returned from California in August, 1868, and requested from the defendant an account of the sales or other disposition of the bonds and the proceeds. The defendant promised and agreed to render such account, but failed to do so before the plaintiff returned to California, which was in the following month. The plaintiff returned from California in August, 1872, and, in September of that year, again called upon the defendant for an account of the proceeds of the bonds, whereupon the defendant repudiated the claim of the plaintiff. The court has ordered an accounting.

The only question, made on the part of the defendant, which demands any attention, is that arising upon the statute of limitations. The pledge of the bonds with the power of sale, created a direct trust.* By the transaction as found, the defendant became the trustee and agent of the defendant. In such cases, the statute does not begin to run, as a general rule, unless there be an open denial or repudiation of the trust, or some notice of an adverse claim. So long as the trustee and agent obeys his instructions, no action lies

* Angell on Limitations, § 178.

against him, and if there be any money in his hands, no action lies against him till after demand and refusal to pay. So far as appears, the defendant did nothing in violation of his trust, or contrary to his instructions or duty, until September, 1872. No cause of action therefore existed against him until that time.*

This suit was commenced in November, 1872, within three months after the first time when the defendant had assumed to repudiate his trust and duty to the plaintiff. The order that the defendant shall account, is just and proper. The justice at the Special Term seems to have made an inadvertent mistake, as to the amount of the advance upon the bonds. The complaint expressly states the amount of the advance to have been $1,250. The omission to notice this at the Special Term, was doubtless an inadvertence which would have been corrected had attention been called to it. The findings are corrected by inserting $1,250 in place of $1,200 wherever the latter occurs in the findings, and a new trial is denied.

Present—BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Motion for new trial denied.